

**Entered on Docket
March 15, 2007**

_____
**Hon. Linda B. Riegle
United States Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: | ) BK-S-05-14331-LBR |
| | ) Chapter 11 |
| PACIFIC MAGTRON, INC. | ) |
| | ) ADV. NO.: 06-1168 |
| Debtor and Debtor in Possession | ) |
| TIMOTHY S. CORY, TRUSTEE OF | ) |
| THE PMI CREDITOR TRUST | ) |
| Plaintiff, | ) |
| vs. | ) |
| REAL WISDOM INTERNATIONAL, LTD. | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

The plaintiff, who is trustee of the PMI Creditor Trust, has filed a motion for the entry of a default judgment. The motion is denied because the plaintiff has made no showing that he properly effected service on the defendant, who appears to be a foreign corporation.

The certificate of service filed by the plaintiff shows that the summons and complaint were mailed to the defendant at two addresses in Taiwan. Neither of the mailings was directed to the attention of an officer, a managing or general agent, or any other agent authorized to receive service of process as required by FED. R. BANKR. P. 7004(b)(3).

Furthermore, FED. R. CIV. P. 4(h)(2) and 4(f), as incorporated by FED. R. BANKR. P. 7004(a), provide that service upon a foreign corporation is made "by any internationally agreed means" such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, or, if there is no international agreement, then in the manner prescribed by the law of the foreign country or as directed by the foreign authority in response to a letter rogatory." *See, e.g.; Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004). The plaintiff has failed to show this court that Rule 4 has been satisfied.

The defendant has filed a proof of claim in the bankruptcy case, and the plaintiff appears to argue in his motion that the address listed in the proof of claim is presumptively the correct one for service of a summons and complaint. While there is a presumption under FED. R. BANKR. P. 2002(g)(1)(A) that the designation of an address in a proof of claim amounts to a request to be mailed notices to that address, the presumption applies only to ***notices*** that are required to be mailed under the express terms of Rule 2002(g). Service of a summons and complaint is not "notice." Service of a summons and complaint is governed by FED. R. BANKR. P. 7004, and by the other Rules that it expressly incorporates.

The plaintiff cites *In re PNP Holdings Corp.*, 184 B.R. 805 (B.A.P. 1995), for the proposition that the filing of a proof of claim amounts to a consent to personal jurisdiction. *PNP Holdings,* however, is distinguishable on its facts because the defendant in *PNP Holdings* had been served with the summons and complaint.[1] The relevant issue here is not personal jurisdiction but ***sufficiency of service***. Personal jurisdiction and sufficiency of service are

---

[1]*In PNP Holdings Corp*, 184 B.R. 805 (BAP 9th Cir. 1995), a Canadian corporation had been served with a summons and complaint at its place of business in Canada. The foreign corporation argued that the bankruptcy court lacked personal jurisdiction over it because there was no federal or state law that authorized service of process on a foreign defendant. The Bankruptcy Appellate Panel rejected that argument, holding that the foreign corporation had consented to personal jurisdiction by filing a proof of claim in the bankruptcy. The Ninth Circuit affirmed the BAP, holding that the corporation had "consented to the bankruptcy court's exercise of personal jurisdiction by filing a proof of claim." *In re PNP Holdings Corp.*, 99 F.3d 910, 911 (9th Cir. 1996).

intertwined but different.[2] Personal jurisdiction is a court's power to adjudicate the rights and liabilities of a defendant. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Service of the summons and the complaint is the procedure by which a court asserts jurisdiction over the party served, *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co. Ltd.,* 484 U.S. 97, 104 (1987), and supplies notice to the defendant of the pendency of the legal action. *Henderson v. United States*, 517 U.S. 654, 671-72 (1996). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd.,* 484 U.S. at 104. It is fundamental that due process of law requires "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "Service under FED. R. BANKR. P. 7004 comports with the procedural due process requirements identified by the Supreme Court in *Mullane*." *In re Levoy*, 102 B.R. 827, 833 (B.A.P. 9th Cir. 1995).

   The Bankruptcy Appellate Panel in *In re Levoy*, 102 B.R. 827, 833-34 (B.A.P. 9th Cir. 1995) has acknowledged the difference between personal jurisdiction and service of process, and has ruled that a party is entitled to procedural due process and proper notice even if that party has filed a proof of claim in a bankruptcy case.

   For these reasons, the motion for entry of a default judgment is hereby denied, without prejudice.

   **IT IS SO ORDERED.**

---

[2]The Federal Rules recognize this distinction and separately list the defenses in FED. R. CIV. P. 12 as lack of personal jurisdiction, Rule 12(b)(2), and insufficiency of service of process, Rule 12(b)(5).

Copies noticed through ECF to:
    Lenard E. Schwartzer, Esq.

Copies noticed through BNC to:
    Real Wisdom
    1 F, No. 10, Lane 209
    Section 2, An-He Road,
    Taipei, Taiwan, R.O.C.

    Real Wisdom International, LTD
    No. 86, Lane 119, Sec. 3, Ho-Ping East Road
    Taipei, Taiwan, R.O.C.